815 F.2d 74
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Grant M. SCOTT, Appellant,
v.
Margaret HECKLER, Secretary of Health and Human Services, Appellee.
 No. 85-2095.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 29, 1986.
Decided March 25, 1987.
 
 Before WIDENER and ERVIN, Circuit Judges, and BOYLE, District Judge for the Eastern District of North Carolina, sitting by designation.
 Richard Engram, Jr., on brief, for appellant.
 Beverly Dennis, III, Chief Counsel, Region III; Charlotte Hardnett, Supervisory Assistant, Regional Counsel; John E. Newton, Jr., Assistant Regional Counsel, Office of the General Counsel, Department of Health & Human Services; David A. Faber, United States Attorney; Gary E. Pullin, Assistant United States Attorney, on brief, for appellee.
 PER CURIAM:
 
 
 1
 Grant M. Scott appeals the Secretary's denial of his application for social security disability and supplemental security income benefits. Because we find substantial evidence in the record to support the decision that Scott is not totally disabled within the meaning of the statute, we affirm.
 
 
 2
 Scott is a 48 year old male with a twelfth grade education. He has prior work experience in the coal mines and also as an aircraft mechanic and a barber. Scott initially applied for disability benefits and supplemental security income benefits in 1979. Following a hearing, the Administrative Law Judge and, following that, the Secretary, determined that Scott was capable of performing his past relevant work and had the residual functional capacity to perform light and sedentary work and therefore was not disabled. Scott then appealed to the United States District Court and that court, in 1982, remanded the case to the Secretary for further evaluation of Scott's blackout spells.
 
 
 3
 New evidence was accepted by the Administrative Law Judge on remand and a new hearing was held at which Scott, his common law wife, and a vocational expert, Thomas E. Cook, testified. The Administrative Law Judge determined that Scott had the residual functional capacity to perform some forms of light and sedentary work, except for work in environments subject to temperature changes. The Appeals Council adopted the Administrative Law Judge's findings and likewise denied benefits.
 
 
 4
 Scott's medical complaints consist primarily of dizziness, shortness of breath, blackout spells, chest pressure, back pain, bilateral leg discomfort and hypertension. The Administrative Law Judge had before him various medical reports, including the report of Dr. Lyle Gage, Jr., a neurological surgeon, who concluded that Scott suffered from lower back pain from an undetermined origin and fainting spells from an undetermined origin, but that his only work related restriction was that he could not lift or carry more than 30 pounds and that he should avoid temperature changes. Dr. Gage concluded that Scott's ability to sit and stand was normal and that he could walk with a cane. A subsequent EEG and CT scan were reported as normal for the brain and showed a narrowed disc space at L5-Sl and a borderline narrowing at L4-5. Dr. Nasreen R. Dar, a psychiatrist, diagnosed Scott as suffering from chronic and moderate anxiety disorder and moderate dysthymic disorder (mental depression). Dr. Dar was of the opinion that Scott was unable to hold any gainful employment. Psychologist Judith Holt tested Scott and concluded that he was of average intelligence, oriented as to time, place and person, and was somewhat depressed. She concluded that Scott was in need of psychiatric treatment but that since he did not feel he needed such treatment, it probably would not be beneficial. The Administrative Law Judge considered, among other reports, a 1957 Madigan Army Hospital report showing that Scott had been diagnosed as having an illdefined condition of the nervous system manifested by dizziness and fainting spells that were chronic and moderate. As a result of this condition, Scott received 10% partial disability benefits from the Veterans Administration in 1975. The vocational expert testified before the Administrative Law Judge and concluded that, even in light of Scott's moderate psychiatric condition, he could perform a range of light and sedentary work.
 
 
 5
 The Administrative Law Judge carefully reviewed all of the evidence before him. We conclude that there is substantial evidence in the record to support his conclusion, and that of the Secretary, that, while Scott cannot perform his past relevant work, he does have the residual functional capacity to perform light and sedentary work.
 
 
 6
 The judgment of the district court is accordingly
 
 
 7
 AFFIRMED.